**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>PINASTER CORPORATION,<br><br>    Defendant. | Civil Action No.<br><br>**DECLARATORY ACTION COMPLAINT** |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, United Specialty Insurance Company ("USIC"), brings this Declaratory Judgment Action against Defendant, Pinaster Corporation ("Pinaster"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by reason of diversity of citizenship and an amount in controversy alleged to be in excess of $75,000, exclusive of interests and costs.

2. This court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 et. seq.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391 as the policy of insurance under which defendant seeks insurance coverage was issued in this judicial district.

**PARTIES**

4. Plaintiff, USIC, is a Delaware Corporation with its principal place of business in Bedford, Texas.

5. Defendant, Pinaster, is a New Jersey Corporation with its principal place of business in Kearney, New Jersey.

## NATURE OF THIS ACTION

### The Fenga Action

6. This declaratory judgment action arises out of a trip and fall accident which took place on or about March 7, 2019 at certain premises located at 180 72nd Street, Brooklyn, New York (the "Premises").

7. At that time Plaintiff Bonnie Fenga ("Fenga") alleges that she sustained injuries as a result of a dangerous and/or defective condition caused and/or created by the negligence of certain defendants including OneTeam Restoration, Inc. ("OneTeam"), Skyline Restoration, Inc. ("Skyline"), and Pinaster.

8. As a result of her alleged injuries, Fenga filed a lawsuit styled Bonnie Fenga v. The City of New York, et. al., in the Supreme Court of the State of New York, Kings County, Index No. 515901/2019 (the "Fenga Action"). See Fenga Complaint attached hereto as **Exhibit "A"**.

9. In her Complaint, Fenga alleges that she tripped and fell over construction-related materials i.e. broken bricks and construction netting as she was walking to her vehicle at or near the Premises.

### The Relevant Contracts

10. Prior to the accident involving Fenga, on or about February 28, 2018, Skyline was hired as the general contractor to perform a facade repair and roof replacement project at the Premises.

11. On August 13, 2018, Skyline entered into a subcontract with OneTeam to perform a portion of the contracted work at the Premises. See Skyline/OneTeam Contract attached hereto as **Exhibit "B"**.

12. OneTeam subsequently entered into a contract on August 13, 2018 with Pinaster to perform a portion of the contracted restoration work at the Premises. See OneTeam/Pinaster Contract attached hereto as **Exhibit "C"**.

13. The OneTeam/Pinaster Contracts contained certain insurance provisions requiring Pinaster to name Skyline and OneTeam as additional insureds on Pinaster's general liability insurance policy.

### The USIC Policy

14. USIC issued a commercial general liability policy to Pinaster Corporation, 225 Sandford Avenue, Kearny, New Jersey, under policy number USA 4230242 for the policy period July 30, 2018 to July 30, 2019 (the "USIC Policy"). See USIC Policy attached hereto as **Exhibit "D"**.

15. The USIC Policy contains the following **Insuring Agreement**:

SECTION I – COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

*   *   *

  b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * *

16. The USIC Policy also contains the following relevant CONDITION to coverage:

  2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

* * *

  b. If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and

   (2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

* * *

   (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit";

* * *

17. The USIC Policy also contains the following **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS, PRIMARY AND NON-CONTRIBUTORY** endorsement:

  **A.** Section II – Who is an Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

4

>In the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.
>
>However:
>1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
>
>2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.
>
>**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
>
>This insurance does not apply to "bodily injury" or "property damage" occurring after:
>
>1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
>
>2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

\*   \*   \*

**Relevant Correspondence/Failure to Cooperate**

18. Based upon the contracts, on or about March 8, 2022, USIC accepted the defense of Skyline and OneTeam under a complete reservation of rights and assigned defense counsel to represent OneTeam and Skyline in connection with the Fenga Action. See July 6, 2022 correspondence attached hereto as **Exhibit "E"**.

19. USIC reserved its right to disclaim coverage to Skyline and/or OneTeam to the extent that Skyline and/or OneTeam's liability was not "caused, in whole or in part, by" Pinaster's

acts or omissions while performing work at the Premises as required by the relevant Additional Insured Endorsement in the USIC Policy.

20. USIC also assigned separate defense counsel to represent Pinaster in connection with the Fenga Action.

21. During the course of the Fenga Action, Pinaster's defense counsel made numerous and repeated attempts to gain the cooperation of Pinaster in connection with its defense. However, Pinaster deliberately refused to cooperate with counsel.

22. Defense counsel also hired a private investigator in an attempt to gain the cooperation of Pinaster in connection with its defense. The investigator made contact with Pinaster's principal, Junior Rosa Tiburcio ("Tiburcio"), on numerous occasions (60+) over the course of the Fenga Action via text and telephone and Tiburcio deliberately and continually refused to cooperate.

23. On or about May 17, 2023, and as a result of Pinaster's continued failure to cooperate with defense counsel, USIC issued an updated coverage position letter to Pinaster advising that, while it would continue to provide Pinaster with a courtesy defense under a complete reservation of rights, USIC was preserving its right to file a declaratory judgment action regarding Pinaster's failure to cooperate. See May 17, 2023 correspondence attached hereto as **Exhibit "F"**.

24. Pinaster did not respond to USIC's May 17, 2023 letter and continued to ignore repeated attempts from defense counsel and its investigator to gain Pinaster's cooperation in connection with the defense of the Fenga Action.

25. As a result of Pinaster's continued and deliberate failure to cooperate, on or about October 4, 2023, the Hon. Leon Ruchelsman, J.S.C. entered an Order directing that Pinaster's deposition be held on or before November 30, 2023 and that "if Pinaster fails to timely appear for

deposition in accordance with this order, Pinaster is, upon further motion, precluded from contesting liability in this action." See October 4, 2023 Order attached hereto as **Exhibit "G"**.

26. To date, a representative of Pinaster has failed to appear for any of the scheduled deposition dates in direct violation of Judge Ruchelman's Order.

27. On or about April 3, 2024, summary judgment was granted to all defendants other than Pinaster based, in part, on the fact that in failing to respond to discovery or appear for deposition, counsel for Pinaster was unable to refute deposition testimony from the co-defendants regarding liability. See April 3, 2024 Order attached hereto as **Exhibit "H"**.

28. Additionally, on or about April 3, 2024, counsel for Fenga filed a motion requesting an Order "(1) Precluding Defendant PINASTER CORP. from testifying at the time of trial; and (2) for such other, further and different relief as this Court may deem just and proper." See Affirmation in Support of Motion attached hereto as **Exhibit "I"**.

## COUNT I – DECLARATORY RELIEF

29. As a condition to coverage, the USIC Policy requires that, in the event a suit is filed Pinaster is obligated to "[c]ooperate with [USIC] in the investigation or settlement of the claim or defense against the 'suit'."

30. To date, and despite being made aware of the pending Fenga Action and the defense that USIC is providing Pinaster in connection with the Fenga Action, Pinaster has willfully and deliberately refused to cooperate with defense counsel in the investigation, settlement or defense of the Fenga Action.

31. USIC has suffered appreciable prejudice as a result of Pinaster's willful failure to cooperate in that assigned defense counsel is unable to properly defend Pinaster in connection with the claims asserted against it in the Fenga Action.

32. This includes USIC's loss of substantial rights given its inability to make a coverage determination regarding whether Skyline and OneTeam are entitled to coverage as additional insured's under the USIC Policy.

33. This also includes defense counsel's inability to respond to outstanding discovery and requests for deposition testimony which is now subject to a pending motion to preclude Pinaster's testimony at trial in the Fenga Action.

34. Under New Jersey law, appreciable prejudice is established where a lack of cooperation by an insured results in a loss of substantial rights by the insurance carrier and/or impacts its ability to participate meaningfully in legal proceedings that may result in its payment of the claim at issue.

35. As a result of the foregoing, Pinaster is in breach of the cooperation clause set forth in the USIC Policy.

36. USIC has suffered appreciable prejudice as a result of Pinaster's breach of the cooperation clause.

**WHEREFORE**, United Specialty Insurance Company respectfully requests judgment in its favor, with a declaration that United Specialty Insurance Company has no obligation to continue to defend or indemnify Pinaster in connection with the claims brought against it in the Fenga Action; and providing such other and further relief as this Court deems just and equitable.

                                                WEBER GALLAGHER SIMPSON
                                                STAPLETON FIRES & NEWBY LLP
                                                *Attorneys for Plaintiff, United Specialty Insurance Company*

Dated:  May 17, 2024                           By: /s/ Denise Marra DePekary
                                                        Denise Marra DePekary, Esq